UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————

№ 06-CV-6743 (JFB) (WDW)

———————

GEORGE R. SIMPSON,

Plaintiff,

VERSUS

TOWN OF SOUTHAMPTION, PATRICK A. HEANEY, NANCY S. GRABOSKI, LINDA A. KABOT, STEVEN T. KENNY, CHRISTOPHER R. NUZZI, GARRETT W. SWENSON, JR., JOSEPH M. BURKE, NOREEN MCCULLEY, SUNDY A. SCHERMEYER, PAULA POBAT, AND RICHARD BLOWES,

Defendants.

———————

MEMORANDUM AND ORDER
June 15, 2007

———————

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff George R. Simpson ("Simpson") brings this action against the Town of Southampton (the "Town") and several Town officials (collectively, "defendants"), alleging violations of his rights under federal and New York State law. Specifically, plaintiff asserts the following claims against defendants: (1) violations of his rights under New York's Freedom of Information Law ("FOIL"), N.Y. Public Officers' Law §§ 84-90, (2) infringement of his rights under the First and Fourteenth Amendments of the Constitution, pursuant to 42 U.S.C. § 1983, (3) a conspiracy to violate his civil rights, pursuant to 42 U.S.C. §§ 1985 and 1986, (4) violations of Federal Free Trade Laws, and (5) defamation under New York State law.

Defendants moves to dismiss plaintiff's FOIL claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and plaintiff's remaining claims for failure to state a claim pursuant to Rule 12(b)(6). For the reasons set forth below, defendants' motion is granted in part and denied in part.

I. BACKGROUND

A. The Facts

The facts are drawn from the complaint and taken as true for the purposes of this motion.

Plaintiff operates a business that processes and publishes data related to real estate in the Town and elsewhere. (Compl. ¶¶ 12, 37-43.) Defendants are the Supervisor of the Town, and several Town officials, including certain members of the Town Council, the Town Attorney, an Assistant Town Attorney, the Acting Town Clerk, the Town Data Processing Manager, and the Town Management Services Administrator. (*Id.* ¶¶ 24-34.)

In October 2006, plaintiff submitted ten requests to the Town for information pursuant to FOIL. (*Id.* ¶ 104.) According to the complaint, the Town failed to respond to these requests, which equated to a denial of such requests under FOIL. (*Id.* ¶ 78.) Plaintiff asserts that he has made several "appeal requests" with regard to the denial of these FOIL requests to the Town, but that such appeals have been "totally ignored and remain[] unanswered." (*Id.* ¶ 109.) Plaintiff alleges that defendants failed to properly respond to his requests because the Town believes itself to be a competitor to plaintiff's business. (*Id.* ¶ 46.) Specifically, according to the complaint, the Town operates a "For Pay" website, "which contains data that competes with Plaintiff's companies." (*Id.* ¶ 47.)

According to the complaint, the Town officials named as defendants either denied plaintiff's requests, corresponded with plaintiff regarding his requests, and/or failed to take action as to plaintiff's requests.

B. Procedural History

Plaintiff filed the initial complaint in this action on December 22, 2006. Plaintiff filed an amended complaint (hereinafter, "the complaint") on March 1, 2007. Defendants submitted a motion to dismiss pursuant to Rule 12(b)(6) on March 16, 2007. Oral argument was held on June 13, 2007.

II. STANDARD OF REVIEW

Defendants' motions to dismiss for want of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6) are governed by the same standard. *See Coveal v. Consumer Home Mortgage, Inc.*, No. 04-CV-4755 (ILG), 2005 U.S. Dist. LEXIS 25346, at *6 (E.D.N.Y. Oct. 21, 2005) (citing *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir.), *cert. denied*, 540 U.S. 1012 (2003)). In reviewing such motions, the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enterp.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). Dismissal is warranted only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (citation omitted). The appropriate inquiry is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Eternity Global Master*

*Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 177 (2d Cir. 2004) (internal quotation marks omitted). Moreover, as plaintiff is proceeding *pro se*, the Court will "construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests." *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)).

III. DISCUSSION

Initially, the Court notes that the complaint contains facts related solely to plaintiff's FOIL requests, the Town's responses, or alleged failures to respond thereto, and correspondence between plaintiff and certain Town officials relating to plaintiff's FOIL requests. It appears that, as plaintiff states in the complaint, "[t]his action is being brought to address the [d]efendants' conspiracy and deliberate actions to deprive Plaintiff of his rights to receive information from the Town . . . as required by the New York State Freedom of Information Law." (Compl. ¶ 4.) For the reasons that follow, the Court finds that all of plaintiff's claims, save for his equal protection claim, fail as a matter of law.

A. State FOIL Procedure

The provisions of FOIL, as set forth in New York Public Officers Law §§ 84-89, permit individuals to request disclosure of certain records collected by New York State entities, such as the Town, and prescribes the manner in which entities must respond thereto. Section 89(3) provides, *inter alia*, that State entities must:

> [W]ithin five business days of the receipt of a written request for a record reasonably described, make such record available to the person requesting it, deny such request in writing or furnish a written acknowledgement [] of the receipt of such request and a statement of the approximate date, which shall be reasonable under the circumstances of the request, when such request will be granted or denied.

N.Y. Pub. Off. Law § 89(3)(a). Furthermore, an entity's failure to respond to a FOIL request in accordance with the provisions of Section 89(3)(a) "constitute[s] a denial" of that request. N.Y. Pub. Off. Law §§ 89(4)(a)-(b); *see, e.g., Lawrence v. Antonucci*, No. 04 Civ. 356 (WMS), 2005 WL 643457, at *4 (W.D.N.Y. Mar. 16, 2005) ("There is no requirement that the person receive a written denial before initiating an appeal."); *Lawrence v. Baxter*, No. 03 Civ. 228S, 2004 U.S. Dist. LEXIS 18022, at *12 (W.D.N.Y. Aug. 31, 2004) (same) (citing *Kaufman v. N.Y.S. Dep't. of Env. Conserv.*, N.Y.S.2d 694, 696 (N.Y. App. Div. 2001)).

Following the denial of a FOIL request, pursuant to Section 89(4), an individual seeking to challenge such a denial must follow a specific "procedural path." *Tinker St. Cinema v. State DOT*, 678 N.Y.S.2d 124, 125 (N.Y. App. Div. 1998); *see, e.g., Newton v. Police Dep't of N.Y.*, 585 N.Y.S.2d 5, 7 (N.Y. App. Div. 1992) ("Before a person seeking information under FOIL may resort to a judicial forum to gain relief, he must have exhausted his administrative remedies."). First, Section 89(4)(a) "provides that a person denied access to requested information under [FOIL] must appeal the denial in writing to the head of the appropriate [state entity] within 30 days" of the denial. *Tinker St. Cinema*, 678 N.Y.S.2d at 125 (citation

3

omitted); N.Y. Pub. Off. Law § 89(4)(a). Next, if such an appeal is unsuccessful, the individual must institute an Article 78 proceeding in New York State court *prior to* challenging the denial of a FOIL request in a judicial forum. N.Y. Pub. Off. Law § 89(4)(b); *see Schuloff v. Fields*, 950 F. Supp. 66, 67-68 (E.D.N.Y. 1997) ("The appropriate vehicle for challenging denials of access guaranteed by the New York Freedom of Information law is a state court proceeding pursuant to N.Y.C.P.L.R. Article 78 upon exhaustion of administrative remedies.") (citing *Greenberg v. Bd. of Educ. of the City of N.Y.*, 125 F.R.D. 361, 362 (E.D.N.Y. 1989)).

## B. Federal Claims

Plaintiff appears to concede that his FOIL claims are not properly before this Court because, as discussed in Section III.C.1 below, he has not exhausted the requisite state procedures prior to challenging the denial of his FOIL requests. (*See* Pl.'s Opp. at ¶¶ 44-49.) Nevertheless, plaintiff argues that his federal claims are unrelated to FOIL, and that the complaint sufficiently alleges such claims against defendants. However, for the reasons set forth below, the Court finds that, save for plaintiff's equal protection claim, the complaint fails to state a claim that defendants violated federal law. The Court addresses each claimed violation of federal law in turn.

### 1. First Amendment Claim

Plaintiff alleges that his "right of free speech [was] denied when the defendants failed to comply with the provisions of FOIL." (Compl. ¶ 140.) However, for the reasons set forth below, the Court finds that plaintiff's claim that defendants' alleged noncompliance with FOIL constitutes a violation of plaintiff's rights under the First Amendment fails as a matter of law.

A failure to comply with FOIL procedures does not, in and of itself, violate any rights protected by the First Amendment. *See Schuloff*, 950 F. Supp. at 68. In addition, while the First Amendment guarantees a right of access to certain types of public information, such as transcripts of certain criminal proceedings, *see Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986), or other court records, *see Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 & n.4 (2d Cir. 2004), courts have declined to extend the First Amendment right of access to encompass the type of non-criminal, non-judicial public records sought by plaintiff in this case. *Schuloff*, 950 F. Supp. at 68 ("[The First Amendment] does not encompass the right to compel a speaker to speak or otherwise provide information and ideas. Thus plaintiff cannot rely on her right to receive information and ideas to compel the government to produce the records in question [under FOIL]."); *see also Houchins v. KQED, Inc.*, 438 U.S. 1, 9 (1978) ("[T]his Court has never intimated a First Amendment guarantee of a right of access to all sources of information within government control.").

Furthermore, to the extent that plaintiff claims that his rights were infringed when defendants limited plaintiff to making written contact with Town offices with regard to his FOIL requests, that claim must also fail as a matter of law. Plaintiff has failed to allege any facts that, if proven, could support a claim that plaintiff's ability to express himself in a public forum was limited by defendants. While plaintiff alleges that he was "banned [] from access to the Town office . . . except by written statement" (Compl. ¶ 140), plaintiff fails to allege that he actually sought to

4

engage in any form of protected expression at the Town offices.¹ Accordingly, plaintiff's First Amendment claim is dismissed with leave to replead the claim so that plaintiff may attempt to cure the deficiencies discussed *supra*.²

## 2. Due Process Claim

Plaintiff alleges that defendants violated his due process rights "[b]y not complying with the Due Process provisions of FOIL." (Compl. ¶ 156.) For the reasons set forth below, the Court finds that this claim must fail as a matter of law.

A due process claim raises "two distinct issues: 1) whether plaintiff[] possess[es] a liberty or property interest protected by the Due Process Clause; and, if so, 2) whether existing state procedures are constitutionally adequate." *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005) (citing *Sealed v. Sealed*, 332 F.3d 51, 55 (2d Cir. 2003)).

First, construing plaintiff's claim as related to the alleged denial of a property interest, that claim must fail. A property interest must be more than an expectation; that is, a person must have more interest than an abstract need or desire for the benefit sought. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). As the overwhelming majority of courts in this Circuit have found in addressing similar claims at the motion to dismiss stage, "a plaintiff has no property interest in obtaining FOIL documents." *Lawrence*, 2005 U.S. Dist. LEXIS 38777, at *9 (quoting *O'Bradovich v. Vill. of Tuckahoe*, 325 F. Supp. 2d 413, 432 (S.D.N.Y. 2004)); *O'Bradovich*, 325 F. Supp. 2d at 432-33; *Webb v. Ashburn*, No. 96 Civ. 0325 (SAS), 1997 WL 118355, at *6 (S.D.N.Y. Mar. 17, 1997); *Billups v. Millet*, No. 91 Civ. 6326 (DAB),1996 WL 99399, at *4 (S.D.N.Y. Mar. 6, 1996); *but see Ferrara v. Superintendent*, 26 F. Supp. 2d 410, 414 (N.D.N.Y. 1998). Specifically, because FOIL documents need only be produced after a request and investigation by the state entity, *see* N.Y. Pub. Off. Law §§ 84-89, individuals making such requests do not have anything beyond a mere expectation in such documents, and, thus, do not have an entitlement to requested documents that is protected by the Fourteenth Amendment. Thus, in this case, "[s]ince due process claims require the establishment of a property interest, and because [plaintiff] could not, as a matter of law, have a property interest in the mere expectation of receiving FOIL documents, [defendants'] failure to provide [plaintiff] with

---

¹ The Court notes that FOIL specifically provides that individuals seeking the release of records under FOIL, or appealing denials thereof, must submit "written request[s]" to the relevant State entity. N.Y. Pub. Off. Law § 89(3)(a)-(4)(a).

² The Court will accord plaintiff an opportunity to amend the complaint as it relates to this claim and as to certain other claims discussed below because, at this juncture of the case, the Court cannot "rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (internal quotation marks omitted); *see, e.g., Rhodes v. Hoy*, No. 05 Civ. 0836 (FJS), 2007 WL 1343649, at *3 (N.D.N.Y. May 5, 2007) ("[C]ourts should not dismiss a *pro se* litigant's complaint without granting leave to amend when there is 'any indication that a valid claim might be stated.' If, however, the court rules out any possibility that the amended complaint will state a claim, the court should not grant the plaintiff leave to amend his complaint.") (quoting *Gomez*, 171 F.3d at 795-96) (internal quotation marks and citation omitted).

5

all of the documents [] requested does not amount to a constitutional violation." *O'Bradovich*, 325 F. Supp. 2d at 432-33; *see Lawrence*, 2005 U.S. Dist. LEXIS 38777, at *10.

Furthermore, even assuming *arguendo* that plaintiff had a protected property interest in obtaining the requested documents, plaintiff's claim that he was denied constitutionally adequate process must fail as a matter of law. With regard to the denial of a FOIL request, adequate post-deprivation process is clearly available through an Article 78 proceeding in New York State court to remedy an improper denial of plaintiff's FOIL requests. *See, e.g., Brady v. Dammer*, No. 04 Civ. 1126 (LEK) (DRH), 2005 U.S. Dist. LEXIS 30812, at *26-27 (N.D.N.Y. Aug. 3, 2005); *Lawrence*, 2005 U.S. Dist. LEXIS 38777, at *11-12 ("[The plaintiff] never sought to commence an Article 78 proceeding to challenge Defendants' refusal to honor his FOIL letter. Plaintiff thus willfully failed to take advantage of the due process afforded to him under New York law, and he cannot now complain that he has been denied such process."); *Baxter*, 2004 U.S. Dist. LEXIS 18022, at *11; *Webb*, 1997 WL 118355, at *16-17; *Billups*, 1996 WL 99399, at *16-17 ("Although the remedies are subject to bureaucracy and delay, due process was fully available."); *see also Interboro Inst., Inc. v. Foley*, 985 F.2d 90, 93 (2d Cir. 1993) (finding that New York's Article 78 procedures satisfy due process); *McDarby v. Dinkins*, 907 F.2d 1334, 1338 (2d Cir. 1990) (same). In this case, although plaintiff alleges that he appealed the denial of his FOIL requests to the Town, it is undisputed that plaintiff has failed to initiate an Article 78 proceeding relating to any of his FOIL requests.[3] Therefore, because plaintiff has failed to avail himself of the adequate procedures available to challenge an improper denial of a FOIL request, plaintiff has failed to state a claim that he was denied such process. Furthermore, because the Court finds, for the reasons discussed *supra*, that any amendment of plaintiff's due process claim would be futile, the claim is dismissed without leave to replead the claim. *See Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998) (finding that a *pro se* litigant may be denied leave to amend where such an amendment would be futile).

### 3. Equal Protection Claim

Plaintiff alleges that defendants treated him "differently than others similarly situated" due to plaintiff's status as a competitor to the Town in the business of supplying real-estate related data. (Compl. ¶ 159.) For the reasons that follow, the Court finds that the complaint sufficiently alleges an equal protection claim.

The Equal Protection Clause of the Fourteenth Amendment is "essentially a direction that all persons similarly situated be treated alike." *Latrieste Restaurant v. Village of Port Chester*, 188 F.3d 65, 69 (2d Cir. 1999) (quoting *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)). An individual not alleging invidious discrimination on the basis of membership in some group, may nevertheless prevail on an

---

[3] The Court notes that, according to the complaint, defendants Garrett Swenson and Joseph Burke informed plaintiff that, if he was unhappy with the outcome of his FOIL requests, he "could sue under article seventy-eight." (Compl. ¶ 129.)

6

equal protection claim provided he shows that (1) "[he] has been intentionally treated differently from others similarly situated and" (2) "there is no rational basis for the difference in treatment." *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Giordano v. City of New York*, 274 F.3d 740, 743 (2d Cir. 2000).

Here, plaintiff has sufficiently alleged that defendants treated him differently from others similarly situated because he was publishing information related to real estate in the Town and, thus, competing with the Town's own for-pay website. *See DeMuria v. Hawkes*, 328 F.3d 704, 707 (2d Cir. 2003) ("[T]he allegation of an impermissible motive and of animus is sufficient to establish an equal protection issue."); *McCormick v. Town of Clifton Park*, No. 05 Civ. 0694 (DNH), 2006 WL 1454819, at *6 (N.D.N.Y. May 23, 2006) (finding allegations sufficient where "plaintiffs allege that the defendants acted with impermissible motive and animus in order to punish them for their business activities"). While some courts have dismissed similar equal protection claims where, as here, the plaintiff fails to specifically identify those "similarly situated," *see Ferrara*, 26 F. Supp. 2d at 415 (dismissing plaintiff's equal protection claim arising from the denial of FOIL requests where the plaintiff "[did] not identify any such similarly-situated person or specify the instance in which that person made a request similar to plaintiff's"), this Court declines to so find based on the Supreme Court's direction that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests" to defeat a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510, 515 (2002) (internal quotation marks and citation omitted); *see also Malone v. City of New York*, No. 05 Civ. 2882 (DGT), 2006 WL 2524197, at *4 (E.D.N.Y. Aug. 30, 2006) ("[D]istrict courts have applied *Swierkiewicz* to Section 1983 claims.") (citing *Dean v. N.Y.C. Transit Auth.*, 297 F. Supp. 2d 549, 554 (E.D.N.Y. 2004), and *Tamayo v. City of New York*, No. 02 Civ. 8030 (HB), 2004 WL 137198, at *5 (S.D.N.Y. Jan. 27, 2004) ). As the Second Circuit has observed, at the motion to dismiss stage, there is no "requirement that a plaintiff identify in [his] complaint actual instances where others have been treated differently for the purposes of equal protection," nor that a plaintiff must "'name names' in [his] complaint" with regard to those similarly situated. *Demuria*, 328 F.3d at 707. Instead, where, as here, plaintiff makes no more than a "general allegation that similarly situated" persons have been treated differently, such an allegation is "sufficient, albeit barely, to meet the minimal level established by *Olech* for 'class of one' equal protection claims at the pleading stage." *Id.*

### 4. Conspiracy Claims

Plaintiff asserts civil rights conspiracy claims pursuant to 42 U.S.C. §§ 1985, 1986. However, because plaintiff has failed to properly allege a violation of his civil rights, the court must also dismiss his claim under Section 1985. *See O'Bradovich*, 325 F. Supp. 2d at 426; *see also Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 527 (2d Cir. 1996) ("The complaint failed to state a claim under § 1985(3) because . . . that section creates no substantive rights but merely 'provides a remedy for violation of the rights it designates.'") (internal citation omitted). In addition, plaintiff's failure to properly allege a claim for conspiracy under Section 1985 is fatal to his section 1986 claim; Section 1985 liability is a necessary predicate to a Section

1986 claim. *Brown v. City of Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000).

Alternatively, plaintiff's conspiracy claims must fail due to the intracorporate conspiracy doctrine. The intracorporate conspiracy doctrine posits that the officers, agents and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring together. *See, e.g., Herrman v. Moore*, 576 F.2d 453, 459 (2d Cir. 1978) ("[T]here is no conspiracy [under Section 1985] if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own . . . officers[] and employees, each acting within the scope of his employment."); *Cameron v. Church*, 253 F. Supp. 2d 611, 623 (S.D.N.Y. 2003); *Quinn v. Nassau County Police Dep't*, 53 F. Supp. 2d 347, 359-60 (E.D.N.Y. 1999); *Rini v. Zwirn*, 886 F. Supp. 270, 292 (E.D.N.Y. 1995) ("Intracorporate immunity has also been extended to the context of conspiracies between a public entity and its employees."). In this case, the individual defendants are employees of a single municipal entity – the Town – and the alleged conspiracy consists solely of actions taken by those defendants within the scope of their employment. Accordingly, plaintiff's conspiracy claims are dismissed with leave to replead the claims so that plaintiff may attempt to cure the deficiencies discussed *supra*.

### 5. Free Trade Claims

Plaintiff asserts that, "by denying Plaintiff access to information," the Town is "setting up a monopoly, thereby violating Federal Free Trade laws." (Compl. ¶ 162.) Although plaintiff fails to name the specific "Free Trade laws" under which he seeks relief, the Court construes the complaint as seeking to assert a claim under the Sherman Act, 15 U.S.C. § 2, which prohibits attempts to "monopolize any part of the trade or commerce among the several states." 15 U.S.C. § 2.

To state a claim for attempted monopolization, a plaintiff must allege that: (1) the defendants engaged in predatory or anticompetitive conduct; (2) with a specific intent to monopolize; and (3) a dangerous probability of achieving monopoly power. *Spectrum Sports, Inc. v. McQuillen*, 506 U.S. 447, 456 (1993); *Tops Markets, Inc. v. Quality Markets. Inc.*, 142 F.3d 90, 99-100 (2d Cir. 1998); *see Dolan v. Fairbanks Cap. Corp.*, No. 03 Civ. 3285 (DRH), 2005 WL 1971006, at *7 (E.D.N.Y. Aug. 16, 2005). Furthermore, "[f]or any antitrust violation, 'a plaintiff must make some showing of actual injury attributable to something the antitrust laws were designed to prevent.'" *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 134 n.5 (2d Cir. 2001) (quoting *J. Truett Payne Co. v. Chrysler Motors Corp.*, 451 U.S. 557, 562 (1981)). That is, the complaint must allege facts which show injury to competition, as distinct from injury to plaintiff as a competitor. *See Jarmatt Truck Leasing Corp. v. Brooklyn Pie Co., Inc.*, 525 F. Supp. 749, 750 (S.D.N.Y. 1981) (citing *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 488 (1977) ("The antitrust laws . . . were enacted for the protection of competition not competitors.") (internal quotation marks and citation omitted)).

Here, plaintiff has failed to sufficiently allege an antitrust claim. The only fact alleged in support of plaintiff's antitrust claim is the assertion that the Town failed to respond to plaintiff's FOIL requests, while it simultaneously charged a fee for access to certain real estate-related data on the Town

website. Thus, beyond plaintiff's conclusory assertion that the Town is "setting up a monopoly" (Compl. ¶ 162), the complaint alleges only that the Town has improperly handled plaintiff's FOIL requests for real-estate related data, and *not* that the Town has taken any steps – other than the denial of those requests – to limit competition in the market for such data or to otherwise engage in anticompetitive conduct. Therefore, because the conduct alleged in the complaint is insufficient, as a matter of law, to establish the requisite "predatory or anticompetitive conduct" that must be alleged in order to state a claim under the Sherman Act, the antitrust claim is dismissed with leave to replead the claim so that plaintiff may attempt to cure the deficiencies discussed *supra*. *See Posr v. Killackey*, No. 01 Civ. 2320 (LTS) (GWG), 2002 U.S. Dist. LEXIS 9604, at *11 (S.D.N.Y. May 31, 2002) ("[The plaintiff] has not alleged any facts suggesting that [the defendant] has monopolized, attempted to monopolize or combined or conspired with another to monopolize any part of the trade in the [relevant market]. . . . Thus, [the plaintiff's] claim under 15 U.S.C. § 2 must be dismissed."); *see also Santana Prods., Inc. v. Sylvester & Assocs., Ltd.*, 121 F. Supp. 2d 729, 736 (E.D.N.Y. 1999) ("Thus, where only one competitor is alleged to be targeted, as opposed to an entire market, a conspiracy to monopolize claim must fail.").

C. State Law Claims

1. FOIL Claims

Plaintiff asserts claims under FOIL directly challenging the Town's alleged failure to properly respond to plaintiff's requests. As a threshold matter, the Court finds that, absent plaintiff's compliance with the FOIL procedures outlined in Section III.A *supra*, it is without jurisdiction to consider plaintiff's claims that "his [FOIL] requests were not fully complied with," – namely, that they were improperly denied or went unanswered. *Murphy v. N.Y.S. Educ. Dep't of Prof. Discipline*, 543 N.Y.S.2d 70, 73-74 (N.Y. App. Div. 1989); *see Schuloff*, 950 F. Supp. at 67 ("[T]his is essentially an action to review a denial of a request under the state law. This court does not have jurisdiction to decide whether defendant violated a state law granting the public access to official records."); *see also In re Shelton*, No. 06 Civ. 6132 (CBA), 2006 WL 3463425, at *2 (E.D.N.Y. Nov. 30, 2006) ("To the extent that [the plaintiff] seeks information from state agencies . . . , this Court does not have jurisdiction over requests made pursuant to the state FOIL."). Thus, because, as discussed *supra*, plaintiff has failed to initiate an Article 78 proceeding in New York State court, this Court is without jurisdiction to consider any claim challenging the denial or the Town's improper handling of a FOIL request made by plaintiff.[4] *See, e.g., Murphy*, 543 N.Y.S.2d at 73-74.

Furthermore, to the extent that plaintiff seeks money damages for violations of his purported rights under FOIL, such damages are unavailable under FOIL. *See, e.g., Yip v. Bd. of Tr. of the State Univ. of N.Y.*, No. 03 Civ. 00959C (SR), 2004 U.S. Dist. LEXIS 28366, at *22-23 (W.D.N.Y. Sept. 30, 2004); *Sank v. City Univ. of N.Y.*, No. 94 Civ. 0253 (RWS), 2002 U.S. Dist. LEXIS 5928, at *28 (S.D.N.Y. April 5, 2002) ("FOIL does not give rise to a private cause of action to recover money damages. In the event that access to a record is denied, the affected

---

[4] As such, the Court need not address the propriety of the manner in which plaintiff's FOIL requests were handled by the Town.

person may bring a C.P.L.R. Article 78 proceeding.") (citing *Warburton v. State*, 662 N.Y.S.2d 706, 708 (N.Y. Ct. Cl. 1997)); *Burtis v. N.Y. City Police Dep't*, 742 N.Y.S.2d 545 (N.Y. App. Div. 2002) ("[M]oney damages are not available for an agency's failure to comply with a FOIL request, relief being limited to an administrative appeal and [an] article 78 proceeding."). Accordingly, plaintiff's FOIL claims are dismissed without leave to replead the claims because the Court finds that any such amendment would be futile.

### 2. Defamation Claim

Plaintiff also asserts a state law defamation claim arising from allegedly defamatory comments – namely, "lies about things which Plaintiff has or has not done" – that were contained in correspondence from certain Town officials to plaintiff. (Compl. ¶ 146.) An action for defamation that is expressed in writing or print is the common law cause of action of libel. *See Church of Scientology Int'l v. Behar*, 238 F.3d 168, 173 (2d Cir. 2001). In order to state a cause of action for libel under New York law, a plaintiff must plead: (1) a false and defamatory statement of fact concerning the plaintiff; (2) that was published by the defendant to a third party; (3) due to the defendant's; and (4) special damages or *per se* actionability. *Celle v. Filipino Reporter Enters.*, 209 F.3d 163, 176 (2d Cir. 2000). Defendants argue that plaintiff's "amorphous allegation[s]" are insufficient to state a claim. (Defs.' Reply at 5.) Here, plaintiff's defamation claim fails as a matter of law because plaintiff does not allege that the allegedly defamatory letters were published to a third party. *See, e.g., Ellison v. Sobeck-Lynch*, 1997 WL 781865, at *1 (W.D.N.Y. Dec. 18, 1997) ("The Amended Answer fails . . . with respect to the September 1996 letters: it does not allege that the plaintiffs 'published' those letters to a third party, a necessary element of their defamation claim.") (citing *Weldy v. Piedmont Airlines, Inc.*, 985 F.2d 57, 61-62 (2d Cir.1993)); *Murphy v. Cadillac Rubber & Plastics, Inc.*, 946 F. Supp. 1108, 1122-23 (W.D.N.Y. 1996) ("[P]laintiff . . . received a letter from defendants that falsely characterized her behavior and job performance as unsatisfactory. Plaintiffs do not allege that the letter was published to a third party, nor is there any indication in the facts that plaintiff can make such a claim. Therefore, plaintiff . . . fails to state a cause of action with respect to this document."); *see also Van-Go Transport Co., Inc. v. New York City Bd. of Educ.*, 971 F. Supp. 90, 102 (E.D.N.Y. 1997) ("To be liable for defamation, the defendant must induce or cause publication in some fashion; a person who makes a defamatory remark is not liable for its repetition if they have no control over the publication."). Accordingly, plaintiff's defamation claim is dismissed with leave to replead the claim so that plaintiff may attempt to cure the deficiencies discussed *supra*.

IV. Conclusion

For the foregoing reasons, the motion to dismiss plaintiff's First Amendment, due process, conspiracy, antitrust, and state defamation claims pursuant to Rule 12(b)(6) is GRANTED. The motion to dismiss plaintiff's state FOIL claims pursuant to Rule 12(b)(1) is GRANTED. The motion to dismiss the equal protection claim is DENIED. Plaintiff is granted leave to replead his First Amendment, conspiracy, antitrust, and state law defamation claims in order to cure, if possible, the deficiencies in such claims discussed *supra*. Plaintiff may file a second amended complaint within thirty days of the date of this Order.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: June 15, 2007
Central Islip, NY

\* \* \*

Plaintiff is appearing *pro se*. The attorney for defendants is Jeltje DeJong, Esq., Devitt Spellman Barrett, 50 Route 111, Smithtown, New York 11787.